UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUCHELL CINQUE MAGEE                                    CIVIL ACTION

VERSUS                                                  NO. 14-1297

J. SOTO, WARDEN                                         SECTION "J"(2)

## TRANSFER ORDER

The petitioner, Ruchell Cinque Magee, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his 1956 state court conviction and sentence in Washington Parish for attempted aggravated rape. This was completed and petitioner is now serving a sentence imposed in 1975 for a conviction in California. He alleges that the Louisiana Supreme Court denied him post-conviction relief in conflict with federal constitutional law on the right to be heard on the claim of actual innocence.

A review of this Court's records reflects that Magee filed three prior petitions for issuance of a writ of habeas corpus under Section 2254 which were related to the same conviction.[1]

In his first petition, Magee v. Ayers, Civ. Action 99-0220"D"(6), petitioner raised the following grounds for relief: (1) The Louisiana Supreme Court erred in failing to hold a hearing of the facts in dispute regarding the exclusion of all blacks from the grand jury. (2) He was a minor prosecuted as an adult. (3) The Louisiana Supreme Court abused its discretion in failing to hold a hearing on the suppression of evidence in dispute. (4) The Louisiana Supreme Court failed to hold a hearing on deprivation of his rights to testify and produce witnesses in his defense. (5) Petitioner

---

[1] The Court's records reveal that petitioner filed another habeas petition under 28 U.S.C. § 2254 in this court, challenging his 1975 California kidnapping conviction, Civ. Action 94-2676"D"(6). The petition was transferred to the United States District Court for the Northern District of California on September 9, 1994.

was subjected to false arrest. (6) Petitioner was denied a fair and impartial trial and effective assistance of counsel.

The Court dismissed the petition with prejudice on April 8, 1999, for lack of subject matter jurisdiction and, alternatively, as procedurally barred from federal habeas review. Civ. Action 99-0220, Rec. Doc. Nos. 7, 8. The United States Fifth Circuit Court of Appeals denied issuance of a certificate of appealability on January 24, 2000. Civ. Action 99-0220, Rec. Doc. No. 20. The United States Supreme Court also denied issuance of a writ of certiorari on October 10, 2000. Magee v. Ayers, 531 U.S. 933 (2000).

Magee filed a second habeas petition, Magee v. Smith, Civ. Action 11-1603"J"(6), raising the following ground for relief:

> Newly discovered evidence of petitioner's actual innocence has been ignored by the courts. He raises claims of false arrest without probable cause, being prosecuted improperly in light of his age, denial of the right to testify and to produce witnesses on his behalf, racial discrimination in selecting the jury, prosecutorial misconduct, and ineffective assistance of counsel.

The Court transferred the petition to the United States Fifth Circuit for consideration as a motion for authorization to file a second or successive petition under 28 U.S.C. § 2244(b). Civ. Action 11-1603, Rec. Doc. No. 4. The Fifth Circuit denied the motion for authorization on October 5, 2011. Civ. Action 11-1603, Rec. Doc. No. 7.

Magee's third petition, Magee v. Soto, Civ. Action 14-1145"J"(2), was filed by the clerk of court on May 19, 2014. Magee raised two grounds for relief:

1) The Louisiana Supreme Court erred by denying relief without a hearing in conflict with Supreme Court recent decisions governing innocence and prosecutions against minors.
2) The Louisiana Supreme Court failed to consider evidence of actual innocence raised before the Louisiana Pardon Board on April 12, 2013: (a) he was a minor and the victim of vindictive prosecution because the his white accuser

was allowed to testify; (b) he was without counsel for his defense; (c) he was referred to as the "nigger" at trial; (d) his accuser was allowed to give false and conflicting testimony about the suggestive identification process.

The Court transferred the petition to the United States Fifth Circuit on May 29, 2014, for consideration as a request to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) and 28 U.S.C. § 1631. Civ. Action 14-1145"J"(2), Rec. Doc. No. 4. The matter is still pending before the Fifth Circuit.

The instant petition also is considered a prohibited second or successive petition under 28 U.S.C. § 2244. Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A).

Until such time as petitioner obtains authorization from the United States Fifth Circuit Court of Appeals, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Magee's Section 2254 petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 27th day of August, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE